## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEPHANI S. BUERGER, Pro se** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-2004 (GK)** |
| | ) | **(Electronic Filing)** |
| **FEDERAL BUREAU OF INVESTIGATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION FOR SUMMARY JUDGMENT FOR
## DEFENDANT FEDERAL BUREAU OF INVESTIGATION

Pursuant to Fed. R. Civ. P. 56, defendant, the Federal Bureau of Investigation (FBI),

respectfully moves for summary judgment. As grounds for this motion, defendant asserts that

there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A memorandum of points and authorities, and a statement of genuine issues of material fact not in dispute are attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STEPHANI S. BUERGER, Pro se** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-2004 (GK)** |
| ) | **(Electronic Filing)** |
| **FEDERAL BUREAU OF INVESTIGATION** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

_____Pursuant to Local Rule 7.1(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1. By letter dated August 5, 2005, plaintiff mailed a letter to the FBI's Criminal Justice Information Center in Clarksburg, West Virginia, in which she requested access to " . . . a copy of what I believe may be erroneous information in the FBI Report of my background."  In this letter plaintiff provided the following identifying information: her full name, Social Security number, date of birth, address[2] & telephone number, Alabama driver's license number, mother's maiden name, and father's full name.  (**See Exhibit A.**)

2. By letter dated September 9, 2005, FBIHQ acknowledged receipt of this request and advised plaintiff that her Freedom of Information and Privacy Acts ("FOIPA") request had been assigned FOIPA Number 1028331-000.  (**See Exhibit B.**)

3. By letter dated September 15, 2005, FBIHQ advised plaintiff that a search of the automated indices to the Central Records System (CRS) located no records responsive to her

_____

[2]  This address differs from the address plaintiff provided under the signature line in her August 5, 2005 letter.  (**See Exhibit A.**)

FOIPA request for access to records concerning herself.  In this letter, FBIHQ also advised

plaintiff of her right to file an administrative appeal of this "no records" response with the U.S.

Department of Justice, Office of Information and Privacy.  (**See Exhibit C.**)  There is no

indication that an administrative appeal has been filed.  **See Complaint**.

    4.  FBIHQ sent its September 9 and 15 letters to plaintiff at Apartment J, 1700 Dauphin

Street, Mobile, AL 36604, which is one of two addresses that plaintiff provided in her request

letter.  **(See Exhibits A, B & C.)**

    5.  On October 7, 2005, plaintiff filed a complaint with this Court for relief pursuant to

the Freedom Of Information Act ("FOIA"), 5 U.S.C. § 552.  No

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____

    _____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **STEPHANI S. BUERGER, Pro se** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-2004 (GK)** |
| | ) | **(Electronic Filing)** |
| **FEDERAL BUREAU OF INVESTIGATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**
**FOR DEFENDANT FEDERAL BUREAU OF INVESTIGATION**

## I.  INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

concerns the processing of plaintiff's FOIA request by the Federal Bureau of Investigation

("FBI").  As the Declaration of David M. Hardy ("Hardy" Decl.), attached here as Exhibit 1 and

incorporated by reference herein, evidences, although no records were found, the FBI's search

was adequate and justified by the applicable law.  Thus, there is no genuine issue as to any

material fact and the FBI, therefore, is entitled to summary judgment in this action as a matter of

law.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background are fully contained in the statement of material

facts to which there is no genuine issue, attached hereto and incorporated herein.

## II.  ARGUMENT

### A.    SUMMARY JUDGMENT STANDARD

In a FOIA action, summary judgment is appropriate when, as here, the pleadings,

together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  Fed. R Civ. P. 56(c); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).  The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989).  In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); see <u>Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  Once the Court determines that the declarations are sufficient, it need not inquire further.  <u>Students Against Genocide v. Department of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" <u>Trans Union LLC v. Federal Trade Com'n</u>, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting <u>Military Audit Project v.</u>

2

Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also Public Citizen Inc. v. Department of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); McGhee v. C.I.A., 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Com'n on Human Rights v. Food and Drug Admin., 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. U.S. Food and Drug Admin., 925 F.2d 1225, 1227 (9th Cir. 1991). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

**B.      FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is a well-established doctrine in administrative law that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). "It goes without saying that exhaustion of administrative remedies is required in FOIA cases. . . . 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'" Dettmann v. U.S. Dept. of Justice, 802 F.2d 1472, 1477; Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d 364, 366 (D.C. Cir. 1985)). See also Spannaus v. Dept. of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987); In re motion to Compel filed by Steele, 799 F.2d 461, 465-66 (9th Cir. 1986); Stebbins, 757 F.2d at 366.

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies. Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff

3

attempts to obtain judicial review without first properly undertaking full administrative

exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  See,

e.g., Dettmann, 802 F.2d at 1477; Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423

(9th Cir. 1986); Brumley v. Dept.of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

      Here, there is no evidence that plaintiff filed an administrative appeal of the FBI's "no

records" response with the U.S. Department of Justice, Office of Information and Privacy;

therefore, there is no basis for this Court to exercise subject matter jurisdiction.

Hardy Decl. ¶ 7.

## C.      THE FBI HAS PERFORMED AN ADEQUATE SEARCH

### 1.  The Applicable Legal Standard

      In responding to a FOIA request, an agency is under a duty to conduct a reasonable

search for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Department of Health and Human Services, 844 F. Supp.

770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir.

1983).  The established reasonableness standard by which FOIA searches are judged "does not

require absolute exhaustion of the files; instead it requires a search reasonably calculated to

uncover the sought materials."  Miller, 779 F.2d at 1384-85.  Thus, "the issue in a FOIA case is

not whether the agencies' searches uncovered responsive documents, but rather whether the

searches were reasonable."  Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996); see also

Fitzgibbon v. U.S. Secret Service , 747 F. Supp. 51, 54 (D.D.C. 1990); Meeropol v. Meese, 790

F.2d 942, 952-53 (D.C. Cir. 1986).

      An agency demonstrates that it conducted a reasonable search by showing "that it made a

good faith effort to conduct a FOIA search for requested records by using methods that can reasonably be expected to produce the information requested." Western Center For Journalism v. I.R.S., 116 F. Supp.2d 1, 9 (D.D.C. 2000); Oglesby, 920 F.2d at 68.

The search standards established under the FOIA do not require an agency to search every record system, but rather, the agency need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it Maynard v. C.I.A., 986 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). As demonstrated below, the FBI conducted an adequate search.

The Central Records System (CRS) used by the FBI enables it to maintain all pertinent information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in this CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system

5

consists of a numerical sequence of files broken down according to subject matter. The subject

matter of a file may relate to an individual, organization, company, publication, activity, or

foreign intelligence matter. Certain records in this system are maintained at FBIHQ. Records

which are pertinent to specific field offices are maintained in those field offices.

Hardy Decl. ¶ 9. Through the General Indices, FBIHQ and each field division can access the

CRS. The General Indices are arranged in alphabetical order and consist of an index on various

subjects, including the names of individuals and organizations. Only information considered

pertinent, relevant or essential for future retrieval is indexed. The General Indices to the CRS

are the means by which the FBI can determine what <u>retrievable</u> information, if any, the FBI may

have in the CRS on a particular subject matter. <u>Id.</u>, at ¶ 10.

      Communications directed to FBIHQ from various field offices and Legal Attaches

(Legats) are filed in the pertinent case files and indexed to the names of individuals, groups, or

organizations, which are listed in the case captions or titles as subjects, suspects, or as victims.

Searches made in this index to locate records concerning particular subjects are made by

searching the name of the subject requested in the index. <u>Id.</u>, at ¶ 11. An index reference falls

into two general categories:

> A <u>"main"</u> index reference carries the name of an individual,
> organization, activity or the like, which is the <u>main</u> subject
> of a file maintained in the system.
>
> A <u>"cross reference"</u> index reference contains only a <u>mere</u>
> <u>mention</u> or <u>reference</u> to an individual, organization, etc.,
> which is located in the body of a communication in a file
> concerning the investigation of another individual,
> organization, or event.

<u>Id.</u>, at ¶12.

6

In response to plaintiff's request, FBIHQ searched the CRS using plaintiff's name in order to locate any main investigatory files maintained at HQ. A search of the CRS by using the name "Stephani S. Buerger" would cover a three-way phonetic breakdown of the name. For example, this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Buerger, Stephani S."; "Buerger, Stephani;", and "Buerger, S. S.". FBIHQ also used plaintiff's date of birth and Social Security number to facilitate the identification of responsive records. This search failed to locate any main investigatory files responsive to plaintiff's request. Id., at ¶ 15.

FBIHQ also conducted a search to locate cross-reference files responsive to this request. This search identified three cross-reference files as potentially responsive to this request. These files were identified as potentially responsive to plaintiff's request because the subjects' names sounded like or were similar to plaintiff's name. As explained above, a search of the CRS using the name "Stephani S. Buerger" would cover a three-way phonetic breakdown of the name; therefore, this means that this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Buerger, Stephani S."; "Buerger, Stephani;", and "Buerger, S. S." Id., at ¶ 16. In order to make a definitive determination that a file is in fact about the subject of the request, FBIHQ reviews that file to locate identifying information, such as, the subject's date of birth, home address, or social security number. In this case, three cross-reference files were identified by HQ as potentially responsive to plaintiff's request. Two of those files are FBI field office cross-reference files and one is a HQ cross-reference file. Accordingly, FBIHQ requested the pertinent field offices to conduct a search to locate these files. FBIHQ has determined that the one HQ cross-reference file does not pertain to the

7

plaintiff. Similarly, FBIHQ has been advised by both FBI field offices that the cross-reference files identified as originating in those offices do not pertain to the plaintiff. For these reasons, FBIHQ has determined that there are no cross-reference files that concern the plaintiff. Id., at ¶ 17. In sum, the undisputed evidence demonstrates that the search conducted by the FBI was reasonable and done in good faith. The files likely to have records responsive to the request were searched. Id., at ¶¶16, 17. Because the Agency has set out detailed facts establishing that the search was reasonable, summary judgment should be granted in favor of the FBI.

## IV. CONCLUSION

Defendant has demonstrated that it conducted an adequate search in response to plaintiff's FOIA request. Accordingly, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.

8

Washington, D.C.  20530
(202) 305-1334

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Stephani S. Buerger
1575 Springhill Ave. Apt. 108
Mobile, AL 36604

and

Stephani S. Buerger
P.O. Box 66023
Mobile, AL 36606


on this 18th day of January, 2006.


_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

10